

**Ronn B. Kreps**
*Partner-in-Charge, Minneapolis*

2100 IDS Center • 80 South Eighth Street • Minneapolis, Minnesota  55402-2112
rkreps@fulbright.com • Direct: 612 321 2810 • Main: 612 321 2800 • Facsimile: 612 321 2288

July 12, 2011

**VIA ECF**

The Honorable Susan Richard Nelson
U.S. District Court for the District of Minnesota
774 Federal Building
316 N. Robert Street
St. Paul, MN 55101

Re:   Thrivent Financial for Lutherans, et al. v. Countrywide Financial Corp., et al.,
      No. 11-cv-01111 (SRN) (TNL)

Dear Judge Nelson:

I write on behalf of defendants Countrywide Financial Corporation; Countrywide Home Loans, Inc.; Countrywide Home Loans Servicing LP; CWMBS, Inc.; CWABS, Inc.; CWALT, Inc.; CWHEQ, Inc.; Countrywide Securities Corporation; and Countrywide Capital Markets, LLC (together, the "Countrywide Defendants") in the above-referenced action (the "Action"). We appreciate the Court scheduling a status conference to address scheduling matters in the Action and our related request to defer briefing on the Countrywide Defendants' motion to dismiss.  As the Court directed, this letter briefly summarizes the reasons for our request.

This Action arises from plaintiffs' alleged purchase of residential mortgage-backed securities ("RMBS") certificates related to or sold by two separate and unrelated groups of defendants. Specifically, plaintiffs allege that they purchased forty-one (41) RMBS certificates related to or sold by certain of the Countrywide Defendants (the "Countrywide Certificates").  Plaintiffs primarily assert that the offering documents for the Countrywide Certificates contained misrepresentations regarding the underlying mortgage loans that serve as collateral for the Countrywide Certificates.  The claims against the Countrywide Defendants in this Action are substantially identical to claims being asserted against the Countrywide Defendants and certain affiliates in multiple actions pending in other federal district courts throughout the country.

The complaint also asserts claims against defendants Ally Bank; Homecomings Financial, LLC; Residential Funding Securities, LLC; GMAC Mortgage LLC; Residential Asset Mortgage Products, Inc.; Residential Accredit Loans, Inc.; and Residential Funding Company, LLC (together, the "GMAC Defendants") in connection with plaintiffs' alleged purchased of twenty-two (22) RMBS certificates issued or sold by certain GMAC Defendants.  The claims against the GMAC Defendants arise from wholly separate and unrelated RMBS transactions and offering documents that do not involve any of the Countrywide Defendants or Countrywide Certificates.

95129909.1

AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINNEAPOLIS
MUNICH • NEW YORK • PITTSBURGH-SOUTHPOINTE • RIYADH • SAN ANTONIO • ST. LOUIS • WASHINGTON DC
*www.fulbright.com*

The Honorable Susan Richard Nelson
July 12, 2011
Page 2

Plaintiffs filed this Action on March 28, 2011 in the District Court of the State of Minnesota, County of Hennepin, Fourth Judicial District.  Defendants removed the Action to this Court on April 27, 2011, on multiple grounds, including that the claims against the Countrywide Defendants and GMAC Defendants were procedurally misjoined and, absent such misjoinder, complete diversity existed with respect to the claims against the Countrywide Defendants.  *See* Notice of Removal ¶¶ 17-47 (Docket No. 1); *see also In re Baycol Prods. Litig. (Blakeney v. Bayer AG)*, MDL No. 1431 (MJD), 2003 WL 22341303, at *4 (D. Minn. Jan. 1, 2003).  Defendants also removed the Action on the ground that this Court has federal "related to" bankruptcy jurisdiction over the entire Action under 28 U.S.C. § 1334(b).  *See id.* ¶¶ 10-16.  Plaintiffs did not seek remand.  All defendants filed motions to dismiss on May 31, 2011, and a hearing on those motions is currently scheduled for September 2, 2011.

On May 23, 2011, several entities affiliated with Countrywide Financial Corporation, including the Countrywide Defendants, filed a joint Motion to Centralize Securities Actions in the Central District of California Pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation (the "JPML") pursuant to J.P.M.L. Rule 6.2(a) (the "MDL Motion").  The actions that are the subject of the MDL Motion involve RMBS-related claims that are virtually identical to those asserted against the Countrywide Defendants in the Action.  The MDL Motion seeks to centralize those cases before Judge Marianna Pfaelzer in the Central District of California.  Six related cases are currently before Judge Pfaelzer, and the MDL Motion seeks to centralize five more pending cases.[1]  Centralizing the multiple, dispersed actions in a single MDL proceeding is both appropriate and warranted in light of the overwhelming similarity of the claims and the overlapping allegations and legal issues involving the same defendants.  The JPML will hear the MDL Motion on July 28, 2011, and it is anticipated that a decision on the motion will be rendered then or shortly thereafter.

In addition, multiple federal district courts have recently transferred cases involving similar RMBS claims to the Central District of California and Judge Pfaelzer pursuant to 28 U.S.C. § 1404 in advance of the MDL Motion being decided, *e.g.*, *Putnam Bank v. Countrywide Financial Corp., et al.*, (CV 11-5236-MRP) (C.D. Cal.), and *Allstate Insurance Company v. Countrywide Financial Corp., et al.*, (CV 11-4698 MRP (Ex) (C.D. Cal.).

Although this Action involves claims against the Countrywide Defendants that fall within the scope of the proposed MDL proceeding, this case has not yet been identified for inclusion in the proposed MDL because plaintiffs are also asserting claims simultaneously against the GMAC Defendants that are unrelated to the claims against the Countrywide Defendants.  The Countrywide Defendants believed and continue to believe that it would have been premature to tag this action for inclusion in the proposed MDL proceeding prior to addressing the issue of severance of the misjoined claims with either this Court or the JPML.  If the MDL Motion is granted, however, the Countrywide Defendants intend to request that the JPML sever the claims

---

[1] Defendants Bank of America Corporation, BAC Home Loans Servicing LP and NB Holdings Corporation (the "BAC Defendants") have submitted a response in support of centralization based on the eight actions that assert virtually identical successor-liability claims against the BAC Defendants.

95129909.1

The Honorable Susan Richard Nelson
July 12, 2011
Page 3

against the GMAC Defendants from this Action and transfer the remaining claims in this action to the Central District of California.[2] Alternatively, if this Court prefers, the Countrywide Defendants also are prepared promptly to move this Court before the JPML rules on the MDL Motion to sever the claims against the GMAC Defendants from the claims against the Countrywide Defendants, and transfer the claims against the Countrywide Defendants to the Central District of California under 28 U.S.C. § 1404.

The MDL Motion will be heard on July 28, 2011, and a decision is expected in August 2011 if not sooner. In the meantime, the opening briefs on defendants' pending motions to dismiss in this Action are due on July 22, 2011. In light of the MDL Motion, the Countrywide Defendants respectfully submit that it would be more efficient to brief their motion to dismiss, and to address severance and transfer to the proposed MDL, once the JPML decides whether to establish an MDL. Thus, we propose deferring, for a very short period of time to be determined by the Court, the hearing date and briefing on the motion to dismiss pending a decision on the MDL Motion. Assuming the MDL is established, the Countrywide Defendants promptly will seek (most likely from the JPML) severance and transfer of the claims against them. Assuming such severance and transfer is granted, the claims against the Countrywide Defendants will be with the MDL and off this Court's docket, with unnecessary motion practice before this Court avoided. We believe this approach would ensure that motion practice and pretrial proceedings are conducted in an efficient manner that conserves the resources of the parties and the Court without an undue delay of the proceedings.

In fact, another federal district judge in one of the proposed MDL actions recently granted a stay under similar circumstances. Judge Amy J. St. Eve recently stayed all proceedings in *Sterling Federal Bank, F.S.B. v. Countrywide Financial Corporation* – a similar RMBS case involving Countrywide-related defendants in the U.S. District Court for the Northern District of Illinois – pending a decision on the MDL Motion. *See* Minute Order Staying Case Pending Decision of the JPML, *Sterling Fed. Bank, F.S.B. v. Countrywide Fin. Corp., et al.*, No. 1:11-cv-02012 (N.D. Ill. June 20, 2011) (Docket No. 30). In that case, as here, defendants requested a stay to avoid unnecessary motion practice while the MDL Motion was pending, which Judge St. Eve granted. Indeed, recognizing the obvious efficiencies of this approach, the plaintiff in *Sterling* consented to the stay.[3]

---

[2] The Rules of the Judicial Panel on Multidistrict Litigation authorize the Panel to sever claims to effectuate transfer of part of an action to an MDL proceeding. *See* J.P.M.L. Rule 9.1(b) (instructing transferor court to retain jurisdiction over any claim for which "the [Panel's] transfer order provides for the separation and simultaneous remand"); *In re Am. Family Publishers Bus. Practices Litig.*, No. 1235, 1998 U.S. Dist. LEXIS 12514, at *3 (J.P.M.L. Aug. 12, 1998) (transferring claims against one defendant to transferee court, while severing and remanding claims against another defendant as unrelated to MDL proceedings).

[3] *Sterling*, unlike this Action, was not removed to federal court on grounds of misjoinder, and all of the claims in *Sterling* relate to RMBS sponsored by Countrywide-related defendants. In contrast, the claims against the GMAC Defendants in this Action bear no relation to the Countrywide Defendants or the Countrywide Certificates. The Countrywide Defendants therefore believe it was appropriate not to tag this Action for inclusion in the proposed MDL until the issue of severance of the misjoined claims was addressed.

95129909.1

The Honorable Susan Richard Nelson
July 12, 2011
Page 4

We look forward to addressing these issues and responding to any of the Court's questions at the status conference on July 14, 2011.

Very truly yours,

*s/Ronn B. Kreps*

Ronn B. Kreps

RBK/kal
cc:   Hon. Tony N. Leung,
      U.S. Magistrate Judge
      All Counsel of Record

95129909.1